# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROWN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>K. HARRIS, et al.,<br><br>　　　　Respondent. | Case No. 1:14-cv-01256 DLB PC<br><br>ORDER DISMISSING ACTION AS DUPLICATIVE AND TERMINATING CASE<br><br>ORDER DISMISSING MOTIONS<br>[ECF Nos. 16, 20] |

　　　　Plaintiff Rodney Brown, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 5, 2014. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff consented to the jurisdiction of the magistrate judge on August 18, 2014. On February 4, 2015, Plaintiff filed a First Amended Complaint.

　　　　Prior to filing the instant action, on July 29, 2014, Plaintiff filed a civil rights action and it was assigned case number 1:14-CV-01184 LJO BAM PC. On February 2, 2015, Plaintiff filed a First Amended Complaint in that case. The First Amended Complaint, with the exception of the case number, is an exact duplicate of the First Amended Complaint filed in this case two days later.

　　　　"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously

1

1  filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams
2  v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally
3  have 'no right to maintain two separate actions involving the same subject matter at the same
4  time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting
5  Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

6      In assessing whether a second action is duplicative of the first, the court examines
7  whether the causes of action and relief sought, as well as the parties or privies to the action, are
8  the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in
9  the two suits are identical pursuant to the transaction test, developed in the context of claim
10 preclusion. Id.   Second, the court determines whether the defendants are the same or in privity.
11 Privity includes an array of relationships which fit under the title of "virtual representation."
12 Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005).  "The necessary elements of virtual
13 representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691
14 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship
15 include a close relationship, substantial participation, and tactical maneuvering." Adams, 487
16 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).  Here, as noted above, the First Amended
17 Complaint filed in this case is an exact duplicate of the First Amended Complaint filed in the
18 earlier action.

19      A plaintiff is required to bring at one time all of the claims against a party or privies
20 relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to
21 dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single
22 cause of action and litigating piecemeal the issues which could have been resolved in one
23 action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d
24 668, 668 (9th Cir.1969) (per curiam)).

25      In light of the foregoing, the instant petition must be dismissed as duplicative.

**ORDER**

27      Accordingly, IT IS HEREBY ORDERED:

28      1) The First Amended Complaint is DISMISSED WITH PREJUDICE as duplicative;

2) The Clerk of Court is DIRECTED to terminate this action; and

3) Plaintiff's outstanding motion for a court order (ECF No. 16) and motion to vacate consent (ECF No. 20) are DISMISSED as moot.

This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **March 20, 2015**                              /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE